CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA.
FILED

MAY 09 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| BRENDA MONK, *on behalf of* E.M., a minor child | CASE NO. 4:11CV00036 |
| Plaintiff, v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, Defendant. | By: B. Waugh Crigler U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's June 18, 2008 protectively-filed application for childhood supplemental security income filed on behalf of E.M., a child under age 18, under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions, and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this action from the docket of the court.

In a decision dated February 26, 2010, an Administrative Law Judge ("Law Judge") found that the E.M was born on October 30, 1994, and had not reached 18 years of age on June 18, 2008, his application date. (R. 14.) The Law Judge further found that E.M. had not engaged

1

in substantial gainful activity since his application date.[1] (R. 14.) He determined that E.M.'s learning disability and myopia were severe impairments. (R. 14.) However, the Law Judge also concluded that, through the date of the hearing, E.M. did not suffer an impairment or combination of impairments which actually met, or medically or functionally equaled, a listed impairment. (R. 14, 15.)[2] Therefore, the Law Judge found E.M. not disabled under the Act.

Plaintiff appealed the Law Judge's February 26, 2010 decision to the Appeals Council. (R. 1-4, 6-7.) In its June 27, 2011 decision, the Appeals Council found no basis to review the Law Judge's decision. (R. 1-2.) The Appeals Council considered the additional evidence submitted by plaintiff on appeal but found it did not provide a basis for changing the Law Judge's decision. (R. 1-2.) The Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued and briefs were filed.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and medical findings to determine the functional capacity of the plaintiff. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial

---

[1] The Commissioner conducts a three-step sequential evaluation process to determine whether an individual under the age of 18 is disabled. He first determines whether the claimant is engaging in substantial gainful activity, and then whether the claimant suffers a medically determinable impairment that is "severe" or a combination of impairments that is "severe." After that, the Law Judge must decide whether the claimant's impairment or combination of impairments meets, medically equals, or functionally equals a listed impairment. 20 C.F.R. § 416.924(a).

[2] In reaching his conclusion that the plaintiff did not have an impairment or a combination of impairments that functionally equaled a listing, the Law Judge found that E.M. experienced less than marked limitations in six domains: acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for himself, and health and physical well-being. (R. 16-22.); 20 C.F.R. § 416.926a(b)(1).

2

evidentiary support. *Craig v. Chater*, 76 F.3d 585, 589-590 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is defined as evidence, "which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* at 642. When the Appeals Council considers additional evidence offered for the first time on administrative appeal and denies review, courts must consider the record as a whole, including the new evidence, in determining whether the Law Judge's decision is supported by substantial evidence. *Meyers v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011); *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991).

In a brief filed in support of her motion for summary judgment, plaintiff argues that the Law Judge's finding that E.M.'s impairments, considered singularly or in combination, are not functionally equivalent to a listed impairment is not supported by substantial evidence. She contends that E.M.'s impairments functionally equal the listings because E.M. has an extreme limitation in Domain 1, acquiring and using information.[3] (Dkt. No. 15, at 5.) She contends that E.M.'s school records, which describe E.M.'s low IQ scores, his academic weakness in all areas, his functioning more than three to four grade levels below actual level, and his mental abilities that exceed only 3-5% of children his age all show entitlement to benefits. *Id.* at 5-6. Plaintiff points out that that the Law Judge did not address either E.M.'s Woodcock Johnson test scores or the Teacher Questionnaires in his finding. *Id.* at 7. She also argues that the evidence supports the conclusion that E.M. suffers an extreme limitation in acquiring and using information, and

---

[3] Plaintiff at times refers to E.M.'s limitation in Domain 1 as marked rather than extreme. (Dkt. No. 15, at 6.) These references are presumably in error, as plaintiff is only arguing that the Law Judge erred in his finding in Domain 1. In order to be found disabled by functionally meeting a listed impairment, plaintiff would need to show that E.M. has a marked limitation in two domains or an extreme limitation in one domain. 20 C.F.R. § 416.926a(d).

3

Case 4:11-cv-00036-JLK-BWC Document 18 Filed 05/09/12 Page 3 of 7 Pageid#: 370

that the Law Judge's finding that E.M.'s limitations were less than marked is not supported by the evidence. *Id.* Therefore, plaintiff seeks reversal of the Commissioner's final decision adopting the Law Judge's decision.

In a brief filed in support of his motion for summary judgment, the Commissioner argues that the Law Judge's finding that E.M. suffers a less than marked limitation in acquiring and using information is supported by substantial evidence. He contends that E.M.'s IQ scores are too high for him to functionally equal a listing, and that E.M.'s functioning in day-to-day activities is not seriously limited. (Dkt. No.17, at 8-9.) He points out that an extreme limitation denotes a limitation that correlates with at least three standard deviations below the mean on standardized testing, suggesting that E.M. would have needed an IQ score of 55 to qualify.[4] *Id.* at 9. He asserts that E.M.'s IQ scores are above this threshold which provides substantial, if not strong, evidentiary support for the finding that E.M.'s limitation in acquiring and using information was less than marked. *Id.* at 9-10. The Commissioner also points to additional evidence in the record in support of the Law Judge's finding, including plaintiff's admission that E.M.'s daily activities were not limited, E.M.'s ineligibility for special education classes, his good performance in regular classes, the fact that none of E.M.'s teachers stated he had a very serious problem in any area of the domain of acquiring and using information, and the findings of the two state agency experts. *Id.* at 10-11. Accordingly, the Commissioner asks that the court affirm his final decision denying benefits.

In order to establish an extreme limitation in Domain 1, acquiring and using information, plaintiff must show that E.M.'s impairments very seriously impair his ability to function, to the point of being at least three standard deviations below the mean on standardized testing, with

---

[4] Citing 20 C.F.R. § 416.926a(e)(3)(i) and 20 C.F.R. pt. 404, subpt. P, app. 1, 112.00D(9).

4

limitations that are more than "marked." 20 C.F.R. § 416.926a(e)3. These limitations must be in E.M.'s ability to perceive, think about, remember, and use information in all settings. 20 C.F.R. § 416.926a(g).

E.M. suffers severe impairments, but, as the Law Judge found, the evidence in the record falls short of establishing that E.M. suffers an extreme limitation in acquiring and using information. E.M.'s Wechsler Intelligence Scale for Children ("WISC-IV") scores are borderline to below average with a Full Scale IQ of 79,[5] exceeding between 3% and 18% of his peers in the composite indexes and 5% in IQ. (R. 233-234.) These scores are well above three standard deviations from the mean, which would require E.M. to exceed only .3% of his peers, and thus fail to demonstrate an extreme limitation in cognitive function. *See generally Brown v. Nucor Corp.*, 576 F.3d 149, 156 (4th Cir. 2009); *Moore ex. rel. Moore v. Barnhart*, 413 F.3d 718, 722-723 (8th Cir. 2005) (finding that an IQ of 55 would be exactly three standard deviation from the mean).

Plaintiff points out that the Law Judge did not explicitly consider E.M.'s Woodcock Johnson III Tests of Achievement scores or the Teacher Questionnaires in reaching his decision. (Dkt. No. 15, at 7.) The Law Judge need not discuss all evidence of record, though he explicitly considered the Teacher Questionnaires in his analysis of the other domains. (R. 19.); *See DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983); *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). Even taken into account, this evidence would be insufficient to undermine the balance of the substantial evidence in the record supporting the Law Judge's finding. Though the Woodcock Johnson tests reveal that E.M. scores below grade level in several areas, just as the WISC-IV disclosed that his mental age was more than two years behind his actual age, he

---

[5] The record reflects that E.M.'s cognitive abilities have varied widely over his young life. In 2000, when E.M. was in kindergarten, his Full Scale IQ score was 60. (R. 298.) Seven years later, E.M.'s Composite IQ score was 85. (R. 240.)

5

generally performed well in school, progressed between grades and averaged "C's" and above in all classes, with the exception of mathematics where he received a "D". (R. 208, 220, 233, 284.) Even in mathematics, E.M. demonstrated great improvement, earning a "B" on his last grade report. (R. 226.) Further, E.M.'s teachers indicated that he did not have a very serious problem in any areas of the domain. (R. 180, 198.) E.M.'s school district has also found him ineligible for special education classes, with Renee A. Overby, the school psychologist, finding that E.M. did not display deficits in adaptive behavior consistent with mental retardation or display any specific disability.[6] (R. 237-239.) Further, plaintiff admitted that E.M. was not eligible for an individualized education program because the school said he "fits right in the grade of seventh grade." (R. 27.)

The undersigned sympathizes with plaintiff's plight on behalf of her children. However, there is substantial evidence to support the Law Judge's conclusions not only that E.M. does not suffer an extreme limitation in the domain of acquiring and using information, but that he fails to meet the requirements of the Act and the regulations for child's benefits.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the

---

[6] E.M. was held back two years in school, once in kindergarten and once in the second grade. (R. 17, 26.) These decisions occurred during a period when the Commissioner had found E.M. to be disabled due to mental retardation. (R. 48.) As the record shows, E.M.'s condition since has improved, and he is performing well at his current grade level.

6

Case 4:11-cv-00036-JLK-BWC   Document 18   Filed 05/09/12   Page 6 of 7   Pageid#: 373

undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

May 9, 2012
Date